Deaderick, J\,
deliveied the opinion of the court.
The indictment in this case charges Boh Smith with ■“feloniously” stealing, on the 1st day of September, 1875, goods and chattels of the value of twenty-two dollars.
Stealing goods of less than thirty dollars in value is made a misdemeanor by the act of the 22d of March, 1875, entitled, “An act- to amend the criminal laws of the state,” and .the circuit judge, on motion of defendant, quashed the indictment because the indictment was for a felony, .and the offense charged was a misdemeanor only. The attorney-general appealed.
Under our statutes the distinction between felonies and misdemeanors depends upon the character of the punishment annexed to -the offense. Felonies are offenses punished capitally, or by imprisonment in the penitentiary. Misdemeanors are punished by a fine or imprisonment in the county jail, or both. In The State v. Whitley, this day decided [the case preceding this], where the indictment was quashed because it did not charge the stealing of goods of the value of two dolíais to have been done “feloniously,” we reversed the judgment, holding that the offense charged, being by statute a misdemeanor only, it was “neither necessary nor appropriate” that it should be ■charged to have been done “feloniously.” So we hold, in this case, while the word “feloniously” is neither necessary nor .appropriate in the charge of a misdemeanor, it may be *490 rejected as surplusage, and the use of it will not render the indictment bad, if it would be good without it.
Let the judgment he reversed and the cause remanded for trial.